UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARWINSON JOSE DAVILA-BRICENO,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-3201

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.8.)

[1] Because this opinion resolves this matter in its entirety, Petitioner's motion for expedited consideration and order to show cause (ECF No. 4) is moot.

In an order entered on November 12, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response and a recording of September 23, 2026, bond hearing on November 17, 2026. (Resp., ECF No. 8; Recording of Sep. 23, 2026, Bond Hearing, filed on Nov. 17, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Nicaragua who entered the United States in 2023. Op., *Davila-Briceno v. Unknown Party* (*Davila-Briceno I*), No. 1:26-cv-2347 (Nov. 17, 2026, W.D. Mich. 2026) (ECF No. 8). On December 10, 2025, Petitioner was arrested by ICE agents. *Id.*

On August 17, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Davila-Briceno I.* In *Davila-Briceno I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Davila-Briceno I*, (Nov. 17, 2026, W.D. Mich. Jan. 20, 2026), (ECF Nos. 8, 9).

On September 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Davila-Briceno I*, (W.D. Mich. Sep. 24, 2026), (ECF No. 14-1). During the hearing, the immigration judge specifically noted that the Court's prior opinion and judgment ordered only that the immigration judge "Exhibit 1 is the opinion of the district court. Exhibit 2 is the judgment of the district court, which orders me to hold a bond hearing within five days; it does not shift the burden." (Recording of Sep. 23, 2026, Bond Hearing, at 2:20–2:28, filed on Nov. 17, 2026). At the conclusion of the September 23, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "[Petitioner's] applications for relief have been

denied, and he has been ordered removed from the United States. [Petitioner's] case is now before the BIA but he has a low likelihood of relief." Immigration Judge Order, *Davila-Briceno I*, (W.D. Mich. Sep. 24, 2026), (ECF No. 14-1).

**III. Discussion**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026).

At the beginning of the September 23, 2026, bond hearing, the immigration judge explained that the district court's order in *Davila-Briceno I* required only that the immigration court hold a bond hearing; it "[did] not shift the burden," (Recording of Sep. 23, 2026, Bond Hearing, at 2:20–2:28, filed on Nov. 17, 2026). This statement is an apparent reference to the burden of proof set forth in otherwise-binding Board of Immigration Appeals (BIA) precedent:

> An alien in a custody determination under that section must establish to the satisfaction of the Immigration Judge and this Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight. *See Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999).

*In Re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 18, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge